of the city of New York, the sum of $29,880.60 to defendant Henry, to reimburse him for expenses incurred in defending himself against criminal prosecutions. The auditing and allowing of Henry's claim by the board of estimate and apportionment was specifically authorized by chapter 758 of the Laws of 1923, which authorization, however, the plaintiff claimed to be unconstitutional.

*George P. Nicholson,* Corporation Counsel (*Martin Conboy* and *Henry T. Hall* of counsel), for appellants.

*Leonard M. Wallstein* and *Ralph M. Frink* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

GEORGE M. CLOUGH, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

*Undertaking — sureties — debtor and creditor — action to recover upon undertaking given to secure return of judgment debtor to custody of sheriff — sufficiency of demand for surrender.*

*Clough* v. *United States F. & G. Co.,* 215 App. Div. 790, affirmed.

(Argued March 30, 1926; decided May 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1926, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover upon an undertaking given October 16, 1918, whereby defendant agreed that if a judgment debtor did not surrender into the custody of the sheriff within fifteen days after written demand, defendant would pay to the attorney of plaintiff's assignor five thousand dollars, waiving all technical defenses. The assignor from time to time made demand upon defendant to surrender the judgment debtor but upon payment of small amounts on the judgment withdrew such demands. Finally in April, 1923, the judgment debtor disappeared and this action was brought to recover on the undertaking. The defenses were that the undertaking given in 1918 required

a reasonable demand to be made for the return of the judgment debtor to custody, and that a demand made in April, 1923, was not a reasonable demand, nor a demand made within a reasonable time; that there was no evidence that plaintiff had sustained any damage because of the failure of the judgment debtor to return to custody in compliance with the demand of April 27, 1918; and that on April 27, 1923, the time within which he could -be lawfully arrested had expired.

*Charles Capron Marsh* and *Rolph Thayer Marsh* for appellant.

*Clarence Alexander* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

E. Rodgers Sylvester, Appellant, *v.* New York Herald Company, Respondent.

*Master and servant — article written by plaintiff in course of employment printed by defendant, his employer, under name of another — complaint states no cause of action in absence of allegation of violation of contract or custom or of special damage.*

*Sylvester* v. *New York Herald Co.*, 214 App. Div. 713, affirmed.

(Submitted March 30, 1926; decided May 4, 1926.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1925, which unanimously affirmed a judgment in favor of defendant entered upon an order of Special Term granting a motion by defendant for a dismissal of the complaint. Defendant printed an article, written by plaintiff, one of its employees, without affixing his name thereto and ascribing it to another person. This action was brought to recover for alleged damage to plaintiff's reputation and property rights. There was no allegation of any contract that plaintiff's productions either should be printed under his name or should not be printed under the name of another, nor